J-S39031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMAR STANLEY | : | |
| | : | |
| Appellant | : | No. 101 EDA 2020 |

Appeal from the PCRA Order Entered June 24, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000210-2016,
CP-51-CR-0000211-2016

BEFORE:  LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 8, 2020**

Comar Stanley (Stanley) appeals from the purported order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his timely first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We quash this appeal.

**I.**

On March 1, 2017, Stanley entered a negotiated guilty plea to two counts of aggravated assault, conspiracy and two counts each of firearms not to be carried without a license and person not to possess a firearm.[1]  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702, 903, 6106 and 6105, respectively.

conviction stems from Stanley's involvement in two gang-related shootings in April 2015. In the first incident, Stanley approached a home and fired a revolver into it three times. During the second incident, Stanley directed another individual to fire a gun at an occupied parked vehicle. On the same day Stanley entered the plea, the trial court sentenced him to an aggregate term of not less than three-and-one-half nor more than seven years' imprisonment, followed by seven years of probation. Stanley did not file a direct appeal.

On April 2, 2018, Stanley filed the instant, timely PCRA petition raising claims of ineffective assistance of plea counsel to which the Commonwealth filed a response. On May 20, 2019, the PCRA court issued notice of its intent to dismiss the petition. *See* Pa.R.A.P. 907(1). The court's docket includes a June 24, 2019 entry formally denying the PCRA petition. However, "a full review of the record indicates that, due to administrative error, **no order denying [Stanley's] PCRA petition was generated** on June 24, 2019." (PCRA Court Opinion, 1/23/20, at 2) (emphasis added). Stanley filed a notice of appeal on December 3, 2019. The PCRA court issued an opinion on January 23, 2010, in which it requests remand of the case for formal disposition. (*See id.*).

**II.**

We first address whether this appeal is properly before us, in light of the PCRA court's statement that no final order was generated.[2]  In general, appeals are properly taken only from final orders.  **See** Pa.R.A.P. 341(a); **see also Commonwealth v. Ivy**, 146 A.3d 241, 257 (Pa. Super. 2016) (stating long-standing rule of American jurisprudence that, except in extraordinary circumstances, an appeal may be taken only from a final order of court).

Pennsylvania Rule of Criminal Procedure 910 governs PCRA appeals and provides:  "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."  Pa.R.Crim.P. 910.  Rule 907 similarly provides:

> (4) When the petition is dismissed without a hearing, the judge promptly **shall issue an order** to that effect and **shall advise the defendant** by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.  The order shall be filed and served as provided in Rule 114.  [(relating to the filing and service of court orders)].

Pa.R.Crim.P. 907(4)(emphases added).

Instantly, the PCRA court, the Commonwealth and Stanley acknowledge that the court did not issue an order formally dismissing Stanley's PCRA

---

[2] Because this issue presents a question of law regarding the application of procedural rules relating to appeals, our scope of review is plenary and the standard of review is de novo.  **See Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa. 2014).

petition in accordance with Rule 907 despite the docket entry indicating otherwise. Because no order was ever entered, there was no order from which to take an appeal. Accordingly, because there is no appeal before use, we lack jurisdiction over this appeal. We are, therefore, constrained to quash the appeal and remand the matter to the PCRA court to enter a final order.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020